No. 2023-1542

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

In re: Zimmerman

*Appellant*

_____

*On Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Appeal 2022-000316, Application 12/503,494*

_____

## APPELLANT'S UNOPPOSED MOTION FOR A 14-DAY EXTENSION OF TIME TO FILE PRINCIPAL BRIEF

Pursuant to Federal Circuit Rule 26(b), Appellant Jason A. Zimmerman respectfully submits this motion for a 14-day extension of time, up to and including June 23, 2023, to file his principal brief. The United States Patent and Trademark Office ("USPTO") served the certified list on April 10, 2023, and consequently, under Federal Rule of Appellate Procedure 26(a), Federal Circuit Rule 26(a) and 31(a)(1)(B), the brief is currently due by the end of June 9, 2023. Meredith H. Schoenfeld, principal counsel for the USPTO in this case, has indicated that a 14-day extension of time would not be opposed. An extension is warranted for the following reasons.

First, the appellant is not an attorney and has no prior familiarity with proceedings in this Court. Aside from having to learn rules, procedures, and legal principles relevant to such proceedings, knowledge with which an experienced attorney is already acquainted, he must also review and analyze, from an appeals perspective, the patent application record consisting of over 800 pages (not including prior art documents). Also, unlike an attorney working at a firm or an agency, he does not currently have any legal professionals to assist him with research, strategy, or preparation of documents. Accordingly, it is not unreasonable that he requires extra time to properly prepare his brief.

Second, as of June 1, 2023, he has prepared a draft of the working appendix, reviewed and made notes of the record and of other relevant material including cases, legal principles, and prior art. He still needs to analyze the notes and selected relevant material, develop arguments, write the brief, ensure compliance with applicable rules and formalities, and prepare the final version of the working appendix. He estimates that an extra two weeks will be required to properly prepare the brief and serve the working appendix.

Third, this motion is unopposed and a two week extension should not prejudice any party.

Fourth, he has not previously been granted an extension of time by this Court.

Appellant therefore requests a 14-day extension of time, up to and including June 23, 2023, to file his principal brief.

Date: June 1, 2023                                     Respectfully submitted,

/s/ Jason A. Zimmerman<br>
Jason A. Zimmerman<br>
*Appellant*

No. 2023-1542

───────────────────────────

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

───────────────────────────

In re: Zimmerman

*Appellant*

───────────────────────────

*On Appeal from the United States Patent and Trademark Office,*
*Patent Trial and Appeal Board in Appeal 2022-000316, Application 12/503,494*

───────────────────────────

## DECLARATION OF JASON A. ZIMMERMAN IN SUPPORT OF HIS UNOPPOSED MOTION FOR A 14-DAY EXTENSION OF TIME TO FILE HIS PRINCIPAL BRIEF

I, Jason A. Zimmerman, declare as follows:

   1. I am over the age of 18 and have personal knowledge of the matters set forth herein.

   2. I submit this declaration in support of my motion for a 14-day extension of time to file my principal brief.

   3. I have not previously been granted an extension of time to file the brief.

4. Meredith H. Schoenfeld, principal counsel for the United States Patent and Trademark Office ("USPTO"), has been informed of this motion and has indicated that the USPTO does not oppose.

5. I am appealing the Patent Trial and Appeal Board's December 27, 2022 decision affirming the March 2, 2020 Office Action's non-final rejection of claims 59-80 and 82-132 in my patent application 12/503,494, filed July 15, 2009, which claims the priority of my provisional application 61/081,187, filed July 16, 2008.

6. The application has generated a record of over 800 pages, not including prior art documents, since I filed the provisional application.

7. The USPTO served the certified list on April 10, 2023.

8. I am not an attorney, do not have a law degree, have no prior experience with proceedings in the U.S. Court of Appeals for the Federal Circuit, and do not currently have any legal professionals to assist me with research, strategy, or the preparation of documents.

9. As of June 1, 2023, I have prepared a draft of the working appendix, reviewed and made notes of the record and of other relevant material including cases, legal principles, and prior art. I still need to analyze my notes along with selected relevant material, formulate arguments from an appeals perspective, make an outline for my brief, write the brief, ensure compliance with applicable rules and formalities, and prepare the final version of the working appendix.

10. I estimate that I require an extra two weeks to properly prepare my brief and serve the working appendix.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2023               <u>/s/ Jason A. Zimmerman</u>
                                   Jason A. Zimmerman
                                   *Appellant*

# **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d). Exclusive of portions exempted by Federal Circuit Rule 32(b) and Federal Rule of Appellate Procedure 32(f), this motion contains 413 words, as counted by the word-processing system used to prepare the motion.

Date: June 1, 2023                                               /s/ Jason A. Zimmerman
                                                                          Jason A. Zimmerman
                                                                          *Appellant*